## SUPERIOR COURT OF BALTIMORE CITY

Filed April 28, 1896.

### F. ALBERT KURTZ
### VS.
### THOMAS P. TOWNSEND.

*Messrs. Gaither & Clabaugh* for petitioner.

*Messrs. Bernard Carter* and *A. S. J. Owens* for respondent.

DOBLER, J.—

The Court in this case is called upon to declare the tenure of the State Insurance Commissioner's Office. This office did not exist when the present

constitution was adopted, but has been created by legislative enactment.

Originally the insurance department was a bureau in the office of the Comptroller of the Treasury. The Comptroller was authorized and directed, in the language of the Act of 1872, Chapter 388, "to assign a clerk in charge of said department, who shall be known as the Insurance Commissioner for the State of Maryland, and who shall receive an annual salary of twenty-five hundred dollars, payable out of the fees of his office, and shall hold his office during the term of the Comptroller making the appointment, or until his successor is appointed and qualified, unless sooner removed by the Comptroller." The Act of 1878, Chapter 106, repealed the then existing laws relating to Insurance and re-enacted the same with amendments. So much of the last mentioned act as concerns the present controversy, is found in Section 121 of Article XXIII of the Code of Public General Laws. This section provides that there shall be a distinct department to be known as the Insurance Department, the office for which shall be in the City of Annapolis, which shall be charged with the execution of the laws of this State in relation to insurance, the chief officer of which shall be appointed by the Governor, Treasurer and Comptroller for the term of four years, and shall be known as the Insurance Commissioner, and shall receive an annual salary of twenty-five hundred dollars, payable only out of the fees of said department, authorized by this Article, and shall hold his office during the term for which he is appointed, or until his successor is appointed and qualified, unless sooner removed by the Governor, Treasurer and Comptroller." It will be seen that the dignity of the office has been enhanced, the appointment of the incumbent transferred from the Comptroller to the hands of the Governor and Treasurer and Comptroller, and the term changed, but the characteristics of the tenure and the language with respect thereto remain substantially the same. The respondent was appointed Insurance Commissioner on the 18th of December, 1895, by the Governor, Treasurer and Comptroller then in office. On the 12th of March, 1896, the Governor, Treasurer and Comptroller at that time, and now in office by their unanimous action determined to remove him. Upon the next day, the Governor, Treasurer and Comptroller jointly appointed the petitioner Insurance Commissioner. No charge of misconduct or of incompetency, had been filed against the respondent, nor was any prior notice given of an intention to remove him. I have carefully considered the authorities cited, and the very able arguments of the counsel for the respective parties. Giving their plain and ordinary meaning to all the words in this section—rejecting none and adding none—I find that the ending of the Insurance Commissioner's official term is entirely uncertain. Appointed by the Governor, Treasurer and Comptroller, he may remain in office for four years. If at the end of four years the Governor, Treasurer and Comptroller cannot agree upon a successor, or if for any other cause they do not appoint a successor, he may hold on indefinitely, unless he be removed by the unanimous action of the three appointing officers. The term itself, however, may be brought to an end the next day or at any time after the appointment if the same three officers concur in his removal. The general power of removal expressed in the statute is a limitation upon the term of four years therein mentioned.

I cannot, therefore, declare the tenure of this office to be for a fixed term. There is no conflict among the decisions touching the right to remove a

public officer, without notice or charges, when the tenure is not for a fixed term, nor when there is a general power of removal. Eckloff vs. District of Columbia, 135 U. S. 241; Kansas vs. Mitchell, 50 Kansas 289; Sweeny vs. Stevens, 46 N. J. Law 444; Miles, et al., vs. Stevenson, 80 Md. 358.

The prayer of the petitioner will be granted and the respondent's prayer rejected. Finding thus that the petitioner is entitled, under the existing law, to the office which he claims, it is ordered this 28th day of April, 1896, that the peremptory writ issue as prayed, with costs to the petitioner.