WILLIAM F. ROGERS, Administrator *d. b. n. c. t. a.* of THOMAS WALKER BALL *vs.* MARY ANN COBB, et al.

*Construction of Deed—Equitable Estate Subject to Executory Bequest and With Power of Disposition.*

Leasehold property was conveyed to B. in trust for the benefit of his wife Helen, with power to her during life to occupy the premises or to sell and dispose of the same, but in case she should die before her husband without having disposed of the property, then the same should become the estate of her husband, B., his personal representatives and assigns.   The wife survived the husband, leaving a will by which she bequeathed this property.   *Held,* that the wife took under the deed not merely a life-estate with power of disposition but

an equitable estate in the whole property subject to the executory bequest to her husband in case he survived her without the power of disposition having been exercised by her, and that since she survived her husband, the absolute estate vested in her and passed under her will.

Appeal from a decree of the Circuit Court No. 2, of Baltimore City, (SHARP, J.)

The cause was submitted to the Court on briefs by :

*Charles E. Hill*, for the appellant.

*James W. Bowers, Jr.*, for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The bill in this case was filed on the 9th of May, 1898, in the Circuit Court No. 2, of Baltimore City, for the construction of a deed dated the 9th of May, 1873, executed by the appellee, Adam R. Shipley, to the appellant's testator, Thomas W. Ball.

By this deed the grantor, Shipley, in consideration of the sum of two thousand dollars, conveyed certain leasehold property, situate on Carrollton avenue, in Baltimore City, to T. Walker Ball, his personal representatives and assigns : " in trust, however, for the use and benefit of Helen F. Hall, wife of T. Walker Ball, with full power and authority to Helen F. Ball, during her natural life, to use and occupy said described ground and premises, or the same to sell and dispose of either by deed, mortgage, lease or contract, with or without the consent or approbation of her husband, in the same manner as if she were single and unmarried, and the proceeds of the same to dispose of in any manner and for any purpose she may think proper, without being in anywise liable or bound for the debts, contracts or engagements of her present or any future husband. But if Helen F. Ball shall die before her husband, without having disposed of said ground and premises in manner aforesaid, then the same shall be-

come the estate and property of T. Walker Ball, his personal representatives and assigns."

The facts of the case, as disclosed by the record, appear to be these. Helen F. Ball survived her husband, and both of them are now dead. They each left a last will and testament, by which they severally undertook to bequeath the property described in this deed.

By the will of Helen F. Ball, she bequeathed the property to Mary Ann Cobb, one of the appellees. By the will of T. Walker Ball, he gave one-half of "the rest of his property and estate" to his wife, Helen F. Ball, and the residue to his sisters, Sarah A. Blakey and Harriet McN. Ball.

All the persons in interest were made parties to the bill, and having appeared and answered, submitted the determination of a construction of the deed to the Court below. The question then, is, what estate did Helen F. Ball take under the terms of this deed? Did she take a life-estate with a power of disposition, or did she take an equitable estate for the remainder of the term of years?

The solution of this question can be found, we think, in an examination of the words of the deed itself.

The grantor in the deed conveys the property, "in trust for the use and benefit of Helen F. Ball, wife of T. Walker Ball, with full power and authority to Helen F. Ball," &c.

Now it is well settled, that the language here used would transfer the whole estate of the grantor to the grantee in the property therein mentioned, unless there be words of limitation or reservation showing by implication or otherwise a different intent. *Code*, Art. 21, sec. 11 and 12; *Hawkins* v. *Chapman*, 36 Md. 83; *Foos* v. *Scarf*, 55 Md. 301; *Worthington* v. *Lee*, 61 Md. 530.

In the case of *Benesch* v. *Clark*, 49 Md. 497, this Court said, "that where an estate is given to a person generally or indefinitely with power of disposition, such gift carries the entire estate and the devisee or legatee takes not a simple power, but the property absolutely; but where the

property is given to a person expressly for life, and there be annexed to such gift a power of disposition of the reversion, there .the rule is different, and the first taker in such case takes but an estate for life with the power annexed; and if the person so taking fails to execute the power and thus dispose of the reversion, it goes, where there is no gift or devise over, to the heir or next of kin of the testator, according to the nature of the property."

In the case before us there are no words of limitation or reservation in the deed, which could be construed by implication or otherwise as an intent that Helen F. Ball should have only a life-estate.

We cannot assent to the contention made by the appellant that the words " during her natural life " can be applied as urged by him. It is quite manifest that they are to be used in connection with the power given to the wife and not in reference to the estate she was to take. The words of the deed are " in trust, however, for the use and benefit of Helen F. Ball, wife of T. Walker Ball," and then follows, " with full power and authority to Helen F. Ball, during her natural life, to use and occupy said described ground and premises, or the same to sell and dispose of either by deed, mortgage, lease or contract with or without the consent or approbation of her husband, in the same manner and for any purpose she may think proper, without being in anywise liable or bound for the debts, contracts or engagements of her present or any future husband."

This construction, we think, is sustained by that part of the deed which provides, if Helen F. Ball shall die before her husband, without having disposed of said ground and premises, then the same shall become the estate and property of T. Walker Ball, his personal reprerentatives and assigns. This provision of the deed would be meaningless and utterly nugatory if the wife took only a life-estate in this property.

If the position taken by the appellant be a correct one, then there could have been no reason for inserting this

provision in the deed, because upon her failure to dispose of the property in her lifetime, it would have been his, at her death. The case of *Foos* v. *Scarf*, 55 Md. 301, relied upon by the appellant, is entirely unlike this case. In that case the language of the deed conveying the property was in trust for the sole and separate use of his wife, Ann Scarf, for and during her natural life, with power to receive, &c. There the Court very properly held, that an equitable life-estate only was conveyed to the wife, with power to her to dispose of the property or any part of it by deed or contract.

For the reasons we have given, we fully agree with the Court below that Helen F. Ball took an equitable estate for the remainder of the term of years in the property in the deed with power to her to dispose of the same in her lifetime by deed, &c., as if she were unmarried, and inasmuch as she survived her husband, the executory bequest to him never took effect; the title to the property vested in her and passed under her will to the appellee, Mary Ann Cobb, subject to the creditors of Helen F. Ball, if any.

> *Decree affirmed with costs below and in this Court.*

(Decided March 15th, 1899.)