STATE TAX COMMISSION *vs.* GEORGE M. ENGLAR.

*Taxation—Mortgage Participation Certificate.*

A mortgage participation certificate, issued by a corporation mortgagee, and which purports to assign to the purchaser of the certificate an undivided share in the mortgage, but by which the corporation retains the ownership and control of the mortgage, and also the right to pay off and cancel the certificate without reference to the mortgage, is not an assignment of mortgage, but is an "evidence of debt" of the corporation, within Code 1912, art. 81, sec. 214, and is consequently taxable.

*Decided April 29th, 1925*

Appeal from the Baltimore City Court (DUKE BOND, J.).

Petition by George M. Englar against J. Enos Ray and others, constituting the State Tax Commission of Maryland, the Mayor and City Council of Baltimore City, by way of appeal from an order of said commission. From an order in favor of petitioner, defendants appeal. Reversed.

The cause was argued, together with that next preceding, before BOND, C. J., URNER, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*Philip B. Perlman, City Solicitor,* and *Charles C. Wallace, Assistant City Solicitor,* for the appellants.

*C. Alexander Fairbank,* with whom was *J. Milton Brandt* on the brief, for the appellee.

BOND, C. J., delivered the opinion of the Court.

This case is similar in its essential points to that of *Mayor and City Council of Baltimore et al. v. Harper* (148 Md. 234), just decided. The question here, too, is whether a mortgage participation certificate is taxable as a certificate of indebtedness or evidence of debt of a corporation, not exempted by law, under article 81, section 214 of the Maryland Code. The certificate to be considered here is not identical in terms with that considered in the Harper case. It is issued by a corporation named the Mortgage Guarantee Company, and begins with an acknowledgment of receipt from the appellee of one thousand dollars and "assigns to the purchaser an undivided share equal to that amount" in a mortgage made by Archer's Laundry, Incorporated, to the Mortgage Guarantee Company for $350,000. The dates and record references are given on the face of the certificate. Then follow the clauses defining the agreement and the transaction:

> "The mortgage referred to is held by the company
> as depositary and agent for the purchasers of such
> certificates, which shall never aggregate more than the
> amount of principal remaining unpaid on said mort-

gage, upon the following terms and conditions, which are agreed to by the purchaser of this certificate.

"1.    The company holds and shall continue to hold said mortgage, and the other instruments and evidences of title relating thereto, for the benefit of the purchaser and any other persons interested therein, and shall as agent for the purchaser and any other persons interested therein, collect the interest and principal of said mortgage when due.

."2.    The company upon receipt of the interest and principal of said mortgage shall distribute the same pro rata among the persons entitled thereto. The purchaser of this certificate to be entitled to receive of said interest on said mortgage, interest at the rate of five and one-half per cent., the balance of the mortgage interest to be retained by the company in payment of its services hereunder.

"3.    The company shall have full power to take any action it may deem necessary to enforce the provisions of said mortgage, and shall have power to release the same upon payment of the mortgage debt, holding the same subject to the order of the certificate owners.

"4.    The company may for its own corporate account be the holder or pledgee of similar shares in said mortgage.

"5.    The company may take up and cancel this certificate at any time on thirty days' notice in writing to the purchaser and payment at its offices designated in such notice of the amount then owing to the purchaser for principal and interest, provided default shall have occurred in the mortgage.

"Guarantee: The Company hereby guarantees to the owner of this certificate the payment of the specified interest when due as well as payment of the principal, but the company at its option shall be entitled to a period of nine months after the maturity of the mortgage in which to collect the principal, upon making regular payments of interest in the meanwhile.

"The company reserves the privilege of redeeming this certificate at any time after May 28, 1926, upon

payment of principal, accrued interest and a bonus of two per cent."

The nature of the transaction thus set out seems to be substantially the same as that set out in the certificate previously considered. In this certificate the issuing corporation somewhat more clearly reserves its control over the mortgage. Not only is the mortgage not assigned in the ordinary meaning of the term, and not only does the corporation retain ownership and control of the mortgage, but it retains the right to pay off and cancel its certificates without reference to the mortgage. We think there is no essential difference between this certificate and that considered in the former case, and, therefore, the order of the court below holding it not taxable will also be reversed.

*Order reversed, with costs to the appellants.*

PARKE, J., dissents.