## THOMAS A. CADLE v. ANNIE CADLE.

*Construction of Will—Power of Disposition.*

A gift of property to testator's wife "for her personal use
and maintenance and to sell or hold as may be necessary for
her comfort and support, any remainder to be divided equally
between" his children, *held* to give the wife power to convey in
fee simple, regardless of whether she had less than a fee simple
estate.

*Decided March 22nd, 1927.*

Appeal from the Circuit Court for Howard County (FOR-SYTHE, J.).

Bill by Annie Cadle against Thomas A. Cadle. From a decree for plaintiff, defendant appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*John S. Stanley,* with whom were *William Stanley* and *Stanley & Stanley* on the brief, for the appellant.

*James Clark,* for the appellee.

PATTISON, J., delivered the opinion of the Court.

James F. Cadle of Howard County died in the year 1921, seised and possessed of two contiguous pieces or parcels of land, lying and being in said county, which were demised and leased to him September 28th, 1885, and July 30th, 1886, respectively, "for the renewal term of ninety-nine years," subject to a ground rent of one cent if demanded.

On April 26th, 1920, James F. Cadle executed his last will and testament. The will was executed by the testator making his mark thereto, and his name, both in the body of the will and appended thereto, is erroneously written "James F. *Kadel,*" and like errors are made in respect to his son and widow, whose names are written therein as "Thomas A. *Kadel*" and "Annie *Kadel.*" The will so executed by James F. Cadle is as follows:

"Know all men by these presents: That I, James F. Kadel, of Savage, Md., do make this my last will and testament.

"1st. I desire and direct that my just debts and funeral expenses be paid.

"2nd. I give and bequeath to my wife, Annie Kadel, all of my property of every kind, real, mixed or personal, and all moneys that I may die seized and possessed of, for her personal use and maintenance and to

sell or hold as may be necessary for her comfort and support, any remainder to be divided equally between my children, Thos. A. Kadel and Mary Turner, at her death.

"I hereby appoint Annie Kadel, my wife, executrix without bond.

"Witness my hand and seal this 26th day of April, 1920.

his

James F. (X) Kadel. (Seal)"

mark.

On the 13th day of July, 1926, Annie Cadle, widow of the testator, sold the lands mentioned in the will to the appellant, Thomas A. Cadle, son of the testator, at and for the sum of seven hundred and fifty dollars, to be paid in cash within thirty days from the day of sale.

Thomas A. Cadle, upon being advised that Annie Cadle could not convey to him a good and merchantable title, in fee simple, to said property, refused to pay the purchase money therefor. Whereupon Annie Cadle filed her bill against him asking that the said agreement of purchase be specifically enforced or performed.

In addition to the facts mentioned, the bill contained the allegation that "while the two lots of ground above mentioned were conveyed to the said James Cadle as being subject to annual ground rents of one cent if demanded, said ground rents have never been paid or demanded, and are now conclusively presumed to have been extinguished, and said property was, in the settlement of the estate of the said James F. Cadle, treated as fee simple property."

The answer filed by the defendant denied the allegation contained in the bill that she was able to convey to him a good and merchantable title to the property sold him, saying that she acquired under the will of his father only a life estate in said lands, and that this was the most she could sell and convey to him, but admitted the other allegations of the bill, including the one alleging that there was a presumption that the ground rent had been extinguished.

The case was heard upon bill and answer, and the court held that the plaintiff, under the will of her husband, was able to convey to the defendant a good and merchantable title in the lands therein given and devised to her, and decreed a specific performance of the agreement mentioned. From that decree this appeal was taken.

The contention of the appellee is that, under the will of her husband, James F. Cadle, she took a fee simple title to the lands mentioned therein, or if not, she was given the power to convey the same in fee simple during her life, and that such power of disposition, given her by the will, would be well executed by a conveyance of the land to Thomas A. Cadle under her agreement with him.

The law applicable to cases of this character is well stated in *Benesch v. Clark,* 49 Md. 497, where it is said, Judge Alvey speaking for the Court:

"It is quite clear, upon all the authorities, that where an estate is given to a person generally or indefinitely, with power of disposition, such gift carries the entire estate; and the devisee or legatee takes, not a simple power, but the property absolutely. But where the property is given, as in this case, to a person expressly for life, and there be annexed to such a gift a power of disposition of the reversion, there the rule is different, and the first taker, in such case, takes but an estate for life, with the power annexed; and if the person so taking fails to execute the power and thus dispose of the reversion, it goes, where there is no gift or devise over, to the heir or next of kin of the testator, according to the nature of the property.

"This distinction, while it has been said to be a refined one, is, nevertheless, as well established as any in the law, and judges and text-writers adopt it as a principle too firmly settled to be questioned. *Anon.* 3 Leo. '71; *Tomlinson v. Dighton,* 1 P. Wms. 149, 171; *Bradley v. Westcott,* 13 Ves. 445, 453; *Jackson v. Coleman,* 2 John. 391; *Jackson v. Robbins,* 16 John. 587, 588; *Flintham's Appeal,* 11 S. & R. 23, 24; 1 *Sugd. on Pow.* 122-126; 4 *Kent,* 535, 536."

See also *Foos v. Scarf,* 55 Md. 310; *Bentz v. Md. Bible Society,* 86 Md. 115; *Numsen v. Lyon,* 87 Md. 41; *Roberts v. Cobb,* 89 Md. 165; *Welsh v. Gist,* 101 Md. 606; *Welsh v. Davis,* 125 Md. 37, in which the above stated principle of law has been recognized and followed.

In *Benesch v. Clark, supra,* where the property was given and devised to the wife "to have and to hold * * * for her benefit, maintenance and comfort *during her life,*" the court held that she did not take a fee simple title to the property, as it was expressly stated and clearly shown by the will that she took but a life estate with the power of disposition annexed. In answer to the further question therein presented, whether the power of disposition had been well executed by the conveyance in that case, the court held that it had.

In the case before us, Cadle gave to his wife all of his property of every kind and description "for her personal use and maintenance and to sell or hold as may be necessary for her comfort and support." Had the will stopped here, the language so used unquestionably would have passed a fee simple estate to Annie Cadle, his wife, but the testator concludes his will by saying "any remainder to be divided between my children Thomas A. Cadle and Mary Turner at her death." Whether these words were intended to have and did have the effect of reducing such fee simple estate to a life estate, or to less than a fee simple estate, need not be decided in this case, as Annie Cadle was fully authorized to convey the property mentioned in fee simple under the power contained in the will of her husband.

Therefore, the decree appealed from will be affirmed.

*Decree affirmed, with costs.*