## MARYLAND CASUALTY COMPANY *v.* MINNIE GREENBERG.

[No. 36, January Term, 1930.]

*Decided March 14th, 1930.*

The cause was argued before Bond, C. J., Urner, Adkins, Offutt, Digges, Parke, and Sloan, JJ.

*Charles T. Reifsnider,* with whom was *Austin J. Lilly* on the brief, for the appellant.

*John J. Neubauer* and *Samuel L. Silverman,* for the appellee.

Sloan, J., delivered the opinion of the Court.

On February 1st, 1928, a confessed judgment was entered in the Baltimore City Court against the Block Sand Blasting Company, a corporation, and David S. Block, individually, for $491.50, in favor of Minnie Greenberg, trading as E. Shields Company, the appellee. On the same day an attachment was issued on the judgment and laid in the hands of three garnishees. On the following day, February 2nd, a bond to dissolve the attachment was filed with the clerk of that court and, as appears from the docket entries, "attachment dissolved accordingly." On March 12th, 1928, a motion was made to strike out the judgment, the judgment was opened for the purpose of trial, the judgment meanwhile to continue "as a valid and subsisting judgment * * * and not vacated unless and until it shall be finally determined by trial that the plaintiff is not entitled to said judgment." On the trial of the case the judgment was again entered in favor of the plaintiff for the original amount, $491.50. The appellee then made demand on the appellant for the amount of

the judgment and costs and, upon its refusal to pay, suit was brought on the bond, on which the appellant was surety.

The contention of the appellee is that the bond is a statutory bond to dissolve an attachment under the provisions of section 19, article 9 of the Code, and the measure of liability is the amount of the judgment, interest and costs recovered by the plaintiff from the defendant. This was the view of the trial court, and from a judgment in accordance with this theory the surety company appealed.

The appellant contends: (1) That the bond sued on is not a statutory bond; (2) that there was no delivery of the bond by the defendant to the plaintiff and the filing of the same by the defendant with the clerk of the court was not a delivery; and that there was no waiver of the delivery by the appellant; (3) that there was no right of recovery by the plaintiff unless judgment was recovered by her against the garnishees, and no right to recover from the appellant the amount of a judgment of the plaintiff against the defendant; and (4) that if a recovery be proper at all, assuming the bond to be a common law bond, the plaintiff was only entitled to recover nominal damages.

There is one exception in the record, and that is to the action of the trial court in refusing the appellant's first eight prayers, the ninth having been conceded. The plaintiff, appellee, offered two prayers, of which one was refused and the other withdrawn.

The bond in form appears to be for the dissolution of an attachment on original process provided for by section 19 of article 9 of the Code, when in fact it was intended to be a bond to dissolve an attachment on a judgment already entered against credits in the hands of three garnishees. The condition of the bond was "that if the said defendant shall satisfy any judgment that shall be recovered in said case against them then the said obligation shall be void; else to be and remain in full force." There could not be a judgment recovered against the defendants, as there was already a judgment confessed by them, and the only attachment to which the bond could apply was on that confessed judgment, which

had been laid in the hands of garnishees, and if there was an attachment to be dissolved, that was it. The bond authorized by the statute could only serve to dissolve an attachment when an appearance had been made by all defendants in the short note case. In *West v. Wood Company,* 140 Md. 514, 520, it is said that the language of the statute is "peculiarly appropriate" to an attachment on original process. "A bond given to dissolve an attachment, and a judgment recovered in the short note case, constitutes a cause of action upon which suit may be properly instituted against the obligors in the bond, under the rule day act, applicable to Baltimore City. The judgment in the short note case fixes the amount to be paid under the terms of the bond." *Hodge and McLane on Attachment in Maryland,* sec. 225. The bond filed in this case cannot be construed to serve the purpose intended by section 19 of article 9 of the Code, because that evidently was intended to dissolve an attachment on original process and to secure any judgment which might thereafter be recovered by the plaintiff in the attachment against the defendant, and cannot, therefore, be treated as a statutory bond. If, however, it serves the purpose intended, and was executed and delivered by the obligors, and violated no statute, and is not against public policy (and we know of no such violation), it may be construed as a common law bond (9 *C. J.* 27), and the same construction made as in any other contract in writing. *Brandt on Suretyship and Guaranty* (3rd Ed.), secs. 31, 105 (note 52), and 615 (note 30); *Ehrlich v. Schlamberg,* 119 N. Y. Supp. 337.

The appellant, by the record, admits the execution of the bond, but denies the delivery and contends, which is not denied, that the bond was filed with the clerk of the court and not delivered to the plaintiff, and that delivery to the clerk of a common law bond is not delivery to the plaintiff. The appellant pleaded *non est factum,* under which the plaintiff must prove execution and delivery, or possession, which is *prima facie* evidence of delivery. *Keedy v. Moats,* 72 Md. 325, 328; *Scaggs v. Reilly,* 89 Md. 165; *Edelin v. Sanders,* 8 Md. 118, 129. In *Clark v. Creswell,* 112 Md. 339, 342, it

was said: "There is a consummated delivery when the instrument has passed from the grantor without right of recall, to the grantee or some third person for his use. *Hearn v. Purnell*, 110 Md. 465; *Duer v. James*, 42 Md. 492; *Woodward v. Camp*, 22 Conn 457) * * * Even though the grantee may be ignorant of the delivery of the deed to another for his use, yet his assent is presumed from the fact that he is benefited by the transaction." There are numerous decisions to the effect that when the instrument passes from the control of the grantor or obligor, it is apparent that it was his intention that the instrument should be delivered, even though delivery be made to a third party without the knowledge of the party intended to be benefited and afterwards accepted or approved by the latter, then the delivery is effective. See *Words and Phrases*, title *Delivery*.

But any question as to the purpose of the bond, its execution, and delivery were removed by a letter from an attorney in the bonding claim division of the appellant company, whose signature to the letter was proved. In that letter he said: "The fact that the attachment cases had never been heard and no judgments of condemnation entered, and the bond of the Maryland Casualty Company was given for the express purpose to prevent the plaintiff from being prejudiced by release of the attachment, and as it has not been shown that any money was in the hands of the garnishees at the time the attachments were laid, there can be no liability under the bond. Of course, if you can establish this fact, that there was sufficient money in the hands of the garnishees to satisfy the judgment and that the attachments were released by reason of the execution of the bond, then you have established your liability against the Maryland Casualty Company and we will be glad to pay the same."

It was one of the contentions of the appellant that no judgment had been entered in the attachment cases. The only attachment was the one laid in the hands of the garnishees, and when the funds in their hands were released and paid over, they were no longer answerable to any one. If there was any liability of the appellant as surety, it was for such sum

of money as the garnishees had in hand, not exceeding the judgment and costs in the original judgment, and in our opinion this was the measure of the appellant's liability, and the bond was given to indemnify the plaintiff against loss by reason of the dissolution of the attachments and the consequent release of the funds attached. If the plaintiff was entitled to recover the amount of the original judgment against the defendant, as she could have done if the bond had been given to dissolve an attachment on original process (*Hodge and McLane,* sec. 225), she might have profited by the transaction, if the funds attached were less than the judgment on which the attachment was issued. "The contract (here sued on) is to be governed by the same principles which apply to other contracts, and as it is in its nature a contract of indemnity, it cannot be made the subject of profit by the insured." *Palatine Ins. Co. v. O'Brien,* 107 Md. 348, 354.

The appellant's first prayer asked an instruction that there was no legally sufficient evidence to "prove any damages suffered by her and if the verdict of the jury should be for the plaintiff, they could only allow nominal damages." This prayer, by reason of the failure of the plaintiff to prove the amount of funds attached in the hands of the garnishees, should have been granted. The case was tried on the theory that the measure of liability was the amount of the judgment, interest, and costs in the original case.

The appellant's second, third and fourth and a half prayers asked for instructed verdicts on the theory that the bond sued on was not a statutory bond and the plaintiff was not, therefore, entitled to recover. While the court was in error in construing the bond sued on as a statutory obligation, the appellant was wrong in its theory that if not a statutory bond it was not liable as obligor on a common law bond, and the prayers should have been, as they were, refused. The appellant's fourth, seventh and eighth prayers were requests for an instructed verdict for want of legally sufficient evidence, and were properly refused because the fact that there was a breach would entitle the plaintiff to nominal damages. *Clemmer v.*

*Merriken,* 144 Md. 675, 680. The sixth prayer was properly refused because it assumed the fact of non-delivery of the bond. The ninth prayer was conceded and is not before us, though it contains the words, "unless the jury find that subsequent to the delivery of said bond there was a judgment recovered against either the judgment debtors in the judgment offered in evidence or the garnishee or garnishees." We have herein said the judgment of the plaintiff against the defendant is not the test of liability, but that the extent of liability is the amount of money or credits attached in the hands of the garnishees, so that the form of the prayer as conceded will have no application on a retrial of the case.

For the reasons stated, the judgment will be reversed and the case remanded for retrial. ,

*Judgment reversed, with costs to the appellant,
and new trial awarded.*