MICHAEL J. CURLEY, ARCHBISHOP, *v.* HARRY B.
WOLF, EXECUTOR

[Nos. 74, 75, October Term, 1937.]

*Decided January 12th, 1938.*

The cause was argued before BOND, C. J. URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Edward L. Ward,* with whom were *Galvin & McCourt* on the brief, for Michael J. Curley, appellant.

*James Thomas,* with whom were *Charles F. Rechner* and *Knapp, Tucker & Thomas* on the brief, for the Mortgage Guarantee Company, appellant.

*Arthur R. Padgett,* with whom was *Charles Jackson* on the brief, for Harry B. Wolf, appellee.

*Edward J. Colgan, Jr.,* for Theresa Brinkman and Anne Tully Caulfield, appellees.

BOND, C. J., delivered the opinion of the Court.

On the two appeals, from the same decree, the question argued is whether mortgage participation certificates purchased by a decedent in her lifetime and issued to herself as life tenant with power to sell, mortgage, lease, or consume, and with remainders over, belong after her death to her estate, to be administered by her executor, or belong to the remaindermen by virtue of a completed gift of the remainders. The executor filed a bill praying that the court, as a court of equity, assume jurisdiction to determine the question and give directions. The chancellor concluded that there had been no completed gift, and that the executor must take and administer the property. And from a decree passed accordingly, one of the remaindermen and the mortgagee, seller of the certificates, appeal.

Catherine Kemp acquired from the Mortgage Guarantee Company at different times before her death five certificates of rights of participation in mortgages previously executed to the company on properties in Atlantic City, New Jersey. They were acquired by exchange of certificates previously held by her. The new certificates, all made up on the same form, certified that the company had received an amount of money specified from: "Catherine Kemp for her life, with full power to sell, mortgage or release all interest and estate in the interest in the mortgage hereinafter referred to and hereby assigned, with the additional power to use and consume the proceeds, with remainder to" the named remainderman.

The purchaser was assigned an undivided share in each mortgage, respectively, up to the amount paid in, and the certificate contained stipulations that the company should

continue to hold the mortgage for the benefit of the purchaser and others interested, and should as their agent collect the interest and principal when due, distributing among certificate holders *pro rata,* after retaining a portion of the interest for the company's services. It was stipulated also that the company should have the power to enforce or release the mortgage, holding the proceeds subject to the order of the certificate owners. The company reserved a right to be itself a holder or pledgee of similar shares in the mortgage. By the terms of the certificates the company did not undertake or guarantee the payment of principal or interest; it merely assigned a share of the rights under the mortgage.

One mortgage for a share in which Mrs. Kemp held a certificate matured after her death, and was paid; and the proper part of the proceeds was by oversight paid over by the company to the executor, and he holds it subject to the ascertainment of rights in this proceeding.

Evidence taken showed that Mrs. Kemp herself directed the naming of the remaindermen, and desired the provision for disposition or use by herself, and accepted the form regularly used by the company to be inserted in certificates for the accomplishment of that purpose. Whether she understood all the words in the form is a question of no importance. There is no evidence that she did not, and no reason for regarding the words as not in accordance with her intention despite her acceptance of the certificate containing them. It is to be presumed that they were in accordance. *Mutual Ins. Co. v. Miller Lodge,* 58 Md. 463, 471; *Western Md. Ry. Co. v. Stocksdale,* 83 Md. 245, 253, 34 A. 880.

The remaindermen were not notified that they were named until after the purchaser's death. The executor found the certificates in his decedent's safe deposit box. They were not mentioned in a will left by her.

The court understands it to be agreed by the parties that the taking of the certificates in the two names as stated did not amount to a testamentary disposition of the interests in remainder. The arguments have been

concerned only with the question whether valid gifts *inter vivos* to the remaindermen could be considered as made, with the essential delivery, when the power to dispose of or consume had been reserved to the donor in the words quoted. A gift is not, of course, effected if the attempting donor retains dominion over the property, making, in effect, nothing more than a future or conditional gift in remainder. *Moore v. Layton,* 147 Md. 244, 127 A. 756; *Brooks v. Mitchell,* 163 Md. 1, 11, 161 A. 261. Delivery may be made to a third party for the donee, rendering the third party an agent or trustee for the donee during the continuance of the life interest. See, generally, Brantly's note on gifts *inter vivos, Pennington v. Gittings,* 2 G. & J. 208, Brantly's Edition. And here there was a third party intermediary holding the mortgages, the interests in which Mrs. Kemp undertook to give. The complete surrender to the company of the certificates previously held, and substitution of the certificates in the two names, would constitute a complete delivery unless, despite the form of the transaction, the powers reserved may be regarded as retaining ownership in herself, and rendering the company only her agent for future gifts in remainder. And the court is of opinion that they cannot be given that construction, that the transactions made the company agent for both life tenant and remaindermen, or trustee for them, as it is usually expressed, according to their interests.

A conveyance to one as a life tenant with power to dispose of or consume is not inconsistent with the present gift of a valid, effective, remainder. *Benesch v. Clark,* 49 Md. 497, 504; *Cadle v. Cadle,* 152 Md. 459, 462, 136 A. 895; *Beranek v. Caccimaici,* 157 Md. 144, 146, 145 A. 369. "Trusts may be created by will or *inter vivos* with the power in the trustee to pay and a right in the *cestui que trust* to receive, not merely the income but the principal of the fund, as needed or called for." *Rosenburg v. Rosenburg,* 40 Hun, N. Y., 91, 99; *Blanchard v. Sheldon,* 43 Vt. 512; *Davis v. Ney,* 125 Mass. 590; *American Bible Society v. Mortgage Guarantee Co.,* 217 Cal. 9, 17

P. 2d. 105. When the property is thus committed to the hands of a third party, the question whether there is a present gift of the remainders, or the third party is only an agent of the donor, is one of the donor's intention. In *Patterson v. Murphy*, 11 Hare 88, a mortgagee, by an instrument in writing signed by herself and the mortgagor, accompanied by a deposit of title deeds, directed that the mortgage debt should be paid in installments, a specified number to be paid to herself, and the remaining installments to be invested in English consols for the benefit of children of a third person, with remainders after the mortgagee's death, "I have to consider," said Wood, V. C., "whether it does or does not amount to a complete declaration of trust, or whether it can be assimilated to the case of one who, for his own benefit, passes over his property, or a portion of it, to an agent, to to be distributed by the agent amongst his creditors or others. In order to bring the transaction within the principle applicable to the latter class of cases, it must be viewed merely as an arrangement, whereby the property is to be disposed of for the benefit of the lady herself, and which arrangement it was open to her to alter or discontinue at her pleasure. "I am not aware," he added, "that a declaration made in favor of persons who are purely volunteers, has ever been held to constitute merely an agency for the exclusive purposes of the settlor. Nor do I know of any cases in which, in order to establish a voluntary trust it has been held necessary that the *cestuis que trust* should be informed of its creation or existence." "In case of a voluntary declaration the obvious inference is that it is made for the benefit of the persons in whom the maker of the declaration means thereby, for the first time, to create an interest in the property to which it relates." *Ghingher v. Fanseen*, 166 Md. 519, 529, 172 A. 75. And see *Gardner v. Merritt*, 32 Md. 78; *Taylor v. Henry*, 48 Md. 550.

In this case there appears to be no room for question of the intention to give the remainders, rendering the company trustee for both beneficiaries to the extent of

their interests. And now, after the purchaser's death without her having exercised the power, the remainders have come into existence and are in effect as fully as if the powers had never existed. "The power of revocation reserved in the deed, having never been exercised, was precisely as if it had never existed." *Lines v. Lines,* 142 Pa. 149, 167, 21 A. 889, 810. The decree should therefore direct delivery to the remaindermen named of the certificates and the money received from payment of the matured mortgage.

In the cases of *Baltimore v. Harper,* 148 Md. 234 A. 641, and *State Tax Commission v. Englar,* 148 Md. 246, 129 A. 645, cited in argument, the court concluded that mortgage participation certificates, by which the companies concerned guaranteed the payment of principal and interest, were evidences of the companies' obligation, and declarations of trust in the mortgages with respect to the shares sold in the certificates. But those decisions do not touch upon the question of transfer of dominion to effectuate a gift from the payor of the consideration for the certificates.

The right to the property in controversy lies either with the remaindermen or with the executor; the Mortgage- Guarantee Company is without property interest to be affected by the decision, and it is therefore not a proper appellant from the decree, and its appeal must be dismissed. *Knabe v. Johnson,* 107 Md. 616, 618, 69 A. 420; *Beilman v. Poe,* 120 Md. 444, 448, 88 A. 131.

> *Decree in No. 74 reversed, and cause remanded for a decree to be passed in accordance with this opinion, with costs.*
>
> *Appeal in No. 75 dismissed.*