## LUTHER T. MILES Et Al., County Commissioners of Somerset County, and SAMUEL H. COULBOURN *vs.* IRA E. STEVENSON.

*Removal of Public Officers—Notice of Charges—Road Supervisors— Mandamus to Restore to Office—Appeal from County Commissioners.*

A writ of *mandamus* lies to compel a board of County Commissioners to restore to his office a supervisor of roads, whom they had removed from office before the expiration of the term for which he was appointed, upon an *ex parte* proceeding, and for a cause not authorized by the statute creating the office.

Under the local law of Somerset County, a supervisor of public roads is appointed for two years by the County Commissioners, and they are authorized to remove him from office for incompetency, wilful neglect of duty or misdemeanor in office. Before the expiration of petitioner's term of office, the County Commissioners removed him without notice, because it was alleged that his charges for work were higher than those for which another person offered to do the same work. Upon a petition for a *mandamus* to restore the petitioner to office. *Held,*

1st. That the County Commissioners had no power to remove the petitioner for any other cause than one of those enumerated in the statute.

2nd. That before being removed, even for any one of those causes, he was entitled to notice of the charges against him and an opportunity to be heard.

3rd. That the petitioner having been removed for a cause not enumerated in the statute, and without notice, the action of the County Commissioners was a nullity, and he was entitled to a writ of *mandamus* to enforce his restoration to office.

If the Commissioners had acted within the scope of their authority, and had removed the petitioner for any of the causes specified in the statute, after having given him due notice and an opportunity to be heard, their action would not be open to review upon an application for the writ of *mandamus*.

It is a despotic denial of justice to strip an incumbent of his public office before its prescribed term has elapsed, except for legal cause, alleged and proved upon an impartial investigation after due notice.

The provisions of Code, Art. 5, sec. 81, providing for an appeal to the Circuit Court by any person aggrieved by an order or decision of the County Commissioners, does not disentitle the petitioner in this case to the remedy by *mandamus*, since that provision does not embrace an appeal from the action of the County Commissioners in removing a road supervisor.

Appeal from an order of the Circuit Court for Somerset County (PAGE, C. J.), directing a writ of *mandamus* to issue. The case is stated in the opinion of the Court. At the trial the petitioner (appellee) offered the following prayers :

1. The petitioner prays the Court to find as matter of law, that if they shall find from the evidence that the County Commissioners, the defendants in this cause, removed Ira E. Stevenson from office as supervisor of the roads mentioned in the petition, because the bid of Samuel H. Coulbourn, as supervisor for the same district, was for a less sum of money than the per diem of the said Ira E. Stevenson, or because the said bid of Samuel H. Coulbourn was less than Ira E. Stevenson, the petitioner, was willing to do the work of supervisor for, then the Court must, upon said finding, render their verdict in favor of the petitioner.

2. The petitioner prays the Court further to find, as matter of law, that if they shall find that the objection of the County Commissioners to Ira E. Stevenson, on which his removal was based, was the fact that his bills as supervisor were larger than in their judgment they should have been, then such finding is not evidence that he was discharged by them for incompetency.

3. The Court is further asked to find, as matter of law, that if they shall find that the petitioner was removed from the office of supervisor for the causes set out in the petitioner's first and second prayers, before the end of the term for which he was appointed and without being, in the opinion of the County Commissioners of Somerset County, otherwise incompetent, negligent of duty or guilty of malfeasance in office, then said removal was without warrant of law and is null and void, and the petitioner is entitled to his

said office, notwithstanding his attempted removal therefrom.

And the defendants offered the following prayers or instruction :

1. That there is no legally sufficient evidence in this case to sustain the allegations of the plaintiff's petition, and the verdict must be for the defendants.

2. That if the Court, sitting as a jury, find from the evidence in this case that the commissioners for Somerset County, on the 3d day of July, 1894, removed from the office of road supervisor of said county Ira E. Stevenson at a regular meeting of said commissioners, at which all the members were present, and entered upon their record of proceedings, " Samuel H. Coulbourn was appointed in place of Ira E. Stevenson, removed for cause," then it is not competent to enquire further into the action or motive of said commissioners, and the verdict must be for the defendants.

3. That if the Court, sitting as a jury, find from the evidence in this case, that the County Commissioners for Somerset County, on the 3d day of July,.1894, removed from office of road supervisor for Somerset County Ira E. Stevenson, at a regular meeting of said commissioners, at which all the members were present, and entered upon their record of proceedings, " Samuel H. Coulbourn was appointed in place of Ira E. Stevenson, removed for cause ;" and if they further find that the cause for which said Stevenson was removed (as explained and testified to by the commissioners, Kelley and Adams), was overcharging the county for services and material furnished while acting as Road Supervisor, then their verdict must be for the defendant.

The Court granted all the plaintiffs' prayers, and rejected all the prayers of the defendant, and the defendants appealed.

The cause was argued before ROBINSON, C. J., BRYAN, McSHERRY, FOWLER, BRISCOE and BOYD, JJ.

*Joshua W. Miles* and *Alonzo L. Miles,* for the appellants, submitted the cause on their brief.

The objection raised by the answer that *mandamus* is not a proper remedy in this case, should have been sustained, and the petition dismissed, first, because by section 81 of Article 5 of the Code of Public General Laws of Maryland, any person feeling himself aggrieved by any decision or order of the County Commissioners, may appeal to the Circuit Courts, &c., at any time within sixty days after the time of making such decision or order. The minutes of the County Commissioners show that an order was passed removing the appellee from office; (see evidence.) From this order he could have appealed to the Circuit Court or the county, and where the right of appeal is given by statute, *mandamus* will not lie. *Holland* v. *County Commissioners of Balto. County*, 46 Md. 621, *Poe's Pleading and Practice*, vol. 2, section 710, page 622, the theory being that if there be any other remedy, either at law or in equity, the writ ought not to be issued. *Hardcastle* v. *Md. & Del. R. R. Co.*, 32 Md. 32; second, because the action of the County Commissioners in removing the appellee involved the exercise of judgment and discretion, and, therefore, cannot be reviewed by *mandamus*. See *Poe's Pleading and Practice*, vol. 2, section 710, page 620, and cases there cited; also 53 Md. 544. As Mr. Evans expresses it in his work on practice, an act, the doing of which may be compelled by *mandamus*, must be "an act which a person is, at all events, bound to do, without any right to decide whether he will do so or not." *Evans' Practice*, page 530. Here the commissioners had the power to remove a road supervisor for incompetency, wilful neglect of duty, or misdemeanor in office, but they also had the right to decide whether they would do so or not. The action of the commmissioners, therefore, in removing the appellee from office, essentially involved the exercise of judgment and discretion as to his competency, capacity and conduct in office. To review their action is of necessity to review their judgment, which can only be done, if at all, by appeal.

Now, as to the merits of the case, the whole testimony

produced on the part of the petitioner himself, is to the effect that when Stevenson made his report as road supervisor, the commissioners took exceptions to it for the reason that he had overcharged the county, and removed him for that reason. The duties of road supervisor are to see that the roads, bridges and underdrains are kept in good repair. To this end he is clothed with the power of receiving and disbursing the county's money, and is charged with the duty of keeping a correct and accurate account of money received and expended. For his compensation he is allowed two dollars per diem for each day of eight hours he is actually employed, and ten cents each for summoning men to work upon the roads. *Public Local Laws of Maryland*, vol 2, Article 20, sections 228 to 235, inclusive. The County Commissioners, whose special duty it is to manage the finances of the county and see that economy is observed, have a right to require of the road supervisors, not only that they should be faithful in rendering personal service, but that they should be men of judgment, who know the value of things which they are required to purchase for repairing roads, bridges, &c., and that they should be accurate and economical in the accounts which they render as well for money expended by them as for personal services. To say that the commissioners can not remove them for either ignorantly or wilfully rendering false or improper accounts is to take away the safeguard that is thrown around the financial department of the county and pave the way to extravagance and waste.

Road supervisors are subject to removal by the commissioners for incompetency, wilful neglect of duty or misdemeanor in office. *Public Local Laws of Somerset County*, Article 20, section 227. If they render false or improper accounts through ignorance, it is incompetency; if they do so wilfully, it is misdemeanor in office. But to discuss here what amounts to incompetency, neglect of duty, &c., is to substitute the judgment of the Court for that of the County Commissioners, which cannot be done; thus estab-

lishing the original proposition for which we contend, that *mandamus* will not lie to review the judgment of the County ·Commissioners in this çase.

· All the prayers are upon the question whether the evidence made out a case of incompetency, wilful neglect, misdemeanor *vel. non.*, and even to consider them is to violate the principle of law that *mandamus* will not lie, where judgment and discretion are involved.  If in the judgment of the County Commissioners the appellee was incompetent, negligent or guilty of misdemeanor in the conduct of his office or the keeping of his accounts, their judgment was final.

*Thomas S. Hodson* (with whom was *Clarence Hodson* on the brief), for the appellee.

McSHERRY, J., delivered the opinion of the Court.

This case had its origin in a petition filed by the appellee against the appellants, the County Commissioners of Somerset County, and one Samuel H. Coulbourn, praying for a writ of *mandamus*.  The undisputed facts are: That in November, 1893, the relator, Stevenson, was appointed by the County Commissioners supervisor of certain public roads of Somerset County for the term of two years: That he accepted the office, gave bond and duly qualified: That thereafter, in July, 1894, the same County Commissioners appointed the appellant, Coulbourn, supervisor of the same roads in place of the appellee, whom they removed, as they allege, for cause.  This removal was made without any trial or investigation and without notice to the appellee, and was induced solely because his charges for work were higher than those for which Coulbourn offered to do the same labor.  The appellee's bill was paid by the County Commissioners and was not alleged to be illegal or in excess of the charges which he was authorized by law to make. Unless these charges for work performed furnished evidence of incompetency, wilful neglect of duty or misdemeanor

in office, there is no pretence that he was either incompetent, wilfully negligent of duty or guilty of misdemeanor in office. Upon the rendition of his bill, and without any formal accusation against him, and without any hearing, or even notice that a charge of any kind was pending against him, the County Commissioners removed Stevenson from his office, and assigned as the reason, that he was removed for cause, though they did not specify what that cause was. He thereupon made application for the writ of *mandamus* to restore him to his office, and after a hearing the writ was issued. From the order directing the writ to issue this appeal was taken.

We have no difficulty in affirming the order passed by the Circuit Court.

Stevenson, when appointed by the County Commissioners in 1893, was appointed to a public office, the term of which was a definite one prescribed by statute. *Code of Public Local Laws*, Art. 20, sec. 227; *Act of 1890*, ch. 113. Its duration was limited to two years and until his successor should be duly appointed and should qualify. This fixed it at two years at least, and as much longer as no successor was appointed and qualified. But the same statute made provision for the removal of a road supervisor before the expiration of the term for which he had been appointed. The power to remove was lodged with the same body which was entrusted with the power to appoint. This power to remove is not, however, unlimited or undefined; for the statute explicitly declares that it shall be exercised " for incompetency, wilful neglect of duty or misdeameanor in office." The designation in the statute of the three causes, which will authorize the exertion of the power to remove, is, of course, a denial of the right on the part of the County Commissioners to remove for any other or different cause. The incumbent, Stevenson, having been duly appointed, and being in consequence entitled to the emoluments of the office, had a right to insist that he should not be deprived by the appointing power of the office or its

emoluments before the legal expiration of his term, except for the causes, or one of the causes, prescribed by the statute. Besides this, even had he been proceeded against under the statute for any of the causes therein set forth, he would have been entitled to an opportunity to be heard and to make defence before he could have been legally removed.

We agree that the writ of *mandamus* does not lie to control the discretion of any tribunal, however limited its jurisdiction may be. Hence, when the act complained of rests in the exercise of a discretion, the remedy fails. But this discretion is not unlimited, for if it be exercised with manifest injustice, the Court will command its due exercise. *Tap. on Man.* 14. It must be a sound discretion and according to law. *Ib.* 13. As said by CHIEF JUSTICE TANEY, in speaking of the power of a Court to disbar an attorney at law, " The power, however, is not an arbitrary or despotic one, to be exercised at the pleasure of the Court or from passion, prejudice or personal hostility." *Ex parte Secombe*, 19 How. 13.

If the County Commissioners had acted within the scope of their legitimate authority and had removed the relator for any of the causes specified in the statute, after having given him due notice and an opportunity to be heard, their action would not be open to review upon application for the writ of *mandamus.* Though the Code of Public Local Laws gave them plenary power to remove a road supervisor for incompetency, wilful neglect of duty, or misdemeanor in office, it conferred upon them no authority to deprive the relator of his office upon an *ex parte* proceeding founded on a cause not specified in the statute and carried on without notice to him and without according him an opportunity to be heard or to make defence. Such a procedure has neither the form nor the semblance of a judicial inquiry, and is contrary to the plainest precepts of natural justice. It lacks the essential prerequisites of a valid legal judgment, for neither could the County Com-

missioners have lawfully removed the relator for a cause not named in the statute, nor could he have been properly deprived of his office before its term had elapsed without due process of law, and due process of law in such instances imperatively requires that the person to be affected must have notice of the proceedings against him and must have an opportunity to be heard in his own behalf. *Fisher* v. *Keane*, L. R. 11, Ch. Div. 353; *Com. ex. rel. Burt* v. *Union League*, 135 Pa. St. 301. It is the utmost stretch of arbitrary power and a despotic denial of justice to strip an incumbent of his public office and deprive him of its emoluments and income before its prescribed term has elapsed, except for legal cause, alleged and proved, upon an impartial investigation after due notice. In the case at bar the cause alleged was not one of those set forth in the statute, and for that reason the County Commissioners' act in removing the relator was a nullity. The order removing him was passed *ex parte*, without notice to or a hearing of the relator, and for that additional reason was utterly invalid. What we have said is not to be understood as applying to a class of cases where there is no limit fixed to the term of the office and the appointee holds merely at the will of the appointing power; nor to another class, where the power of removal is vested by statute in the discretion of any person or body of persons; nor where it depends on the exercise of personal judgment as to whether the cause for removal be sufficiently good. *State ex. rel. O'Neill* v. *Register et al.* 59 Md. 283.

It was insisted by the appellants that the writ of *mandamus* is not the appropriate remedy in this case, because by *sec. 81 of Art. 5 of the Code of Public General Laws*, any person feeling himself aggrieved by any decision or order of the County Commissioners may appeal to the Circuit Court within sixty days; and it was argued that this section affords a complete and adequate remedy for Stevenson. But to this we cannot agree. This section does not embrace an appeal from an order removing a pub-

lic officer from his office. This is made quite apparent by recurring to the original legislation, which forms this section of the Code, and by reference to other Acts of Assembly providing for appeals from the County Commissioners in special instances. The *Act of 1853*, ch. 220, conferred upon the County Commissioners power to open, alter and close public roads, and by its 13th section gave the right of appeal to the Circuit Court in almost the exact language used in *sec. 81 of Art. 5 of the Code.* From this 13th sec. of the Act of 1853, the 81 sec. of Art. 5 of the Code was taken ; and this section of the Code is the only provision of law allowing an appeal in a public road controversy. The prior *Act of 1834*, ch. 253, gave to the Levy Courts authority to open private roads, reserving a right of. appeal to the then County Courts, and this provision is re-enacted. in *Art. 25, sec. 117.* So the *Act of 1856*, ch. 308, made provision for building of bridges, and by its 9th section, which is codified in *secs. 32, 33 and 34 of Art. 25*, gave a right of appeal. The *Act of 1858*, ch. 271, which related to the draining of lands, gave by its 19th section a right of appeal, which is preserved in *sec. 71 of Art. 25.* Thus in each of these proceedings relating to private roads, to building bridges and to draining lands, the right of appeal given in the original acts is specifically preserved in Art. 25 of the Code ; whereas, the right of appeal given by the *Act of 1853*, ch. 220, in proceedings to open, alter or close a public road, is not re-enacted in Art. 25 of the Code, but is codified in *sec. 81 of Art. 5.* Under the Constitution of 1851, road supervisors were made elective by the people. The *Act of 1853*, ch. 300, sec. 10, gave to the County Commissioners power to remove these officers for neglect of duty or malfeasance in office, but nowhere made provision for an appeal to the Circuit Court from an order revoking a supervisor's commission. An appeal could not then have been taken in such a case under the 13th sec. of ch. 220 of the Acts of 1853, which related solely to appeals in public road proceedings. So that when the power to re-

move a supervisor existed under the general law, there was no appeal provided, but now that the same power exists only under local laws and is no longer conferred by the general law, for sec. 10 of the Act of 1853, ch. 300, has been repealed, it is insisted and claimed that the 81 sec. of Art. 5 gives an appeal. But for the reason we have given, this cannot be.

It results, then, that sec. 81 of Art. 5 is not broad enough to include an appeal from an order removing a road supervisor, and was never intended to be, though we are not to be understood as intimating any opinion as to what other orders or decisions of the County Commissioners, if any, may be appealed from under this section.

From the views we have expressed, it follows that the Court below was right in granting the appellee's prayers and in rejecting those presented by the appellants, and its order directing the writ of *mandamus* to be issued, is free from error and must be affirmed with costs, which we accordingly do.

*Order affirmed with costs above and*
*below.*