FILLMORE COOK, ET AL. *v.* GRACE L. BOEHL, ET AL.

[No. 60, October Term, 1947.]

*Decided January 15, 1948.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Joseph Townsend England,* with whom was *Fillmore Cook* on the brief, for the appellants.

*Edward L. Ward* and *Rome & Rome* for the appellees.

*Roszel C. Thompson* for J. Gilbert Prendergast, trustee.

HENDERSON, J., delivered the opinion of the Court.

This appeal arises out of the same partition proceeding that was before this court in the case of *Cook v. Boehl,* 188 Md. 581, 53 A. 2d 555. In that case the appeals were from a decree of November 4th, 1946, appointing a trustee to sell the property No. 7-9 E. North Avenue

and to receive and collect rentals until the sale, and from an order of January 6, 1947, determining that the yearly tenancy of the Paradise Amusement Company was terminated, as to the Boehl interest but not as to the Cook interest, on December 31, 1946. These rulings were affirmed. The order also provided that the Paradise Amusement Company should pay to the trustee an amount equal to one-half of the rental specified in the lease for the undivided one-half interest of Fillmore Cook, and a somewhat higher amount, representing the reasonable rental value, for the undivided one-half interest of Miss Boehl and her associates, after December 31, 1946, until the ratification of sale. On this point we said (188 Md. at page 593, 53 A. 2d at page 561): "there is no justification for the fixing of rent payable by the lessee other than that agreed upon by the parties."

While the appeals were pending, the Paradise Amusement Company, through Fillmore Cook its President and counsel, tendered rentals to the Trustee in the exact amount of the rentals payable prior to December 31, 1946, that is to say, $60 per week for the first floor and $65 per month for the second floor. The Trustee demanded the increased rentals called for by the order of January 6, 1947. Cook replied that the appeal bond was adequate security for any additional rentals due under the order appealed from. It appeared, however, that the Trustee was not specifically named in the bond. On March 17, 1947, the Trustee filed a petition praying that the Court pass an order authorizing and directing him to accept the payments tendered without prejudice to his right to collect the increased rentals, should the order be affirmed on appeal. To that petition, the Paradise Amusement Company, and Cook individually, filed a demurrer on the ground that the Court was without jurisdiction to pass any order pending the appeal, and an answer alleging that the Trustee had already accepted the amount tendered and that such action extended the tenancy for another year at the same rate. After hearing, the Court passed an order on April 11, 1947, wherein

the Trustee was authorized and directed to accept the tendered payments, but it was provided "that the acceptance * * * shall not constitute any waiver on his part nor shall it affect in any way his right to collect the balance of the full rentals due from said Paradise Amusement Company under the order of this Court passed on January 6th, 1947, after the appeal from said order has been finally disposed of * * * and that the additional rentals due under the latter order shall be collected and paid unless said order is set aside by the decision of the Court of Appeals of Maryland." . From that order Paradise Amusement Company and Cook appeal here.

The order did not purport to finally adjudicate any right, but was purely interlocutory. Its purpose and effect was to preserve the Trustee's right to collect additional rentals, in the event of a favorable ruling on appeal. Compare *Maas v. Maas*, 165 Md. 342, 343, 168 A. 607; *Brooks v. Sprague*, 157 Md. 160, 165, 145 A. 375; and *Swift v. Manufacturers' National Bank*, 69 Md. 232, 14 A. 661. When it was decided that no additional rentals could be collected, that decision stripped the order appealed from in this case of all force and effect. On this appeal the appellants, conceding that Paradise is a yearly tenant of the Cook interest, submit two issues: (1) Whether the acceptance of the tendered rentals by the trustee, at the direction of the court, operated to "waive the notice to terminate the tenancy as to that (the Boehl) interest as of December 31, 1946, and thereby continue the tenancy from year to year," and (2) if the notice to terminate was not waived, whether the Paradise Amusement Company is entitled to a refund of all rent paid to the Trustee for the Boehl interest after December 31st, 1946.

Neither of these issues was passed upon by the Chancellor. The second issue was not even suggested in the pleadings. It was admitted at the argument by all the parties that the property was sold by the Trustee in September, 1947, to Fillmore Cook, who thus acquired

the Boehl interest and is now the sole owner of the fee, as well as the President and controlling stockholder of the tenant, the Paradise Amusement Company. The first issue, therefore, is only a question between the two appellants, Cook and Paradise. The appeals present no question for decision by us.

*Appeal dismissed with costs to be paid by Fillmore Cook.*