PARADISE AMUSEMENT CO. *v.* BOEHL ET AL.

[No. 129, October Term, 1947.]

*Dismissed, per curiam, by order filed January 23, 1948. Opinion filed February 20, 1948.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*Fillmore Cook* for the appellant.

*Edward L. Ward,* with whom were *Rome & Rome* on the brief, for the appellees.

*Edward L. Ward* and *Roszel C. Thomsen* for J. Gilbert Prendergast, trustee.

MARKELL, J., delivered the opinion of the Court.

These appeals are the fifth case, within about two years, between appellant or its president, Fillmore Cook, or both, and appellee or her predecessor in title, Cook's niece, relating to rent for, or sale of, real estate formerly owned by Cook and his niece as equal tenants in common.

On June 11, 1947 we affirmed a decree of November 4, 1946 for sale of the property for partition, affirmed in part an order of January 6, 1947 but reversed it as to (*a*) inclusion of certain fixtures in the sale and (*b*) an increase in rent to be paid by appellant for appellee's interest until ratification of sale. *Cook v. Boehl,* 188 Md. 581, 53 A. 2d 555. These are three appeals from (1) an order of August 29, 1947 amending the order of January 6, 1947 to conform with our decision as to fixtures, (2) an order of September 18, 1947 refusing to stay the sale pending the appeal from the order of August 29, 1947, and (3) an order of September 23, 1947 authorizing (*a*) the sale to proceed in the absence, on account of illness, of the trustee appointed to make sale, and (*b*) the trustee's counsel to act for him at the sale. It was admitted at the argument that on September 23, 1947 the property was sold, free and clear of any tenancy of appellant (pursuant to the order of January 6, 1947 as affirmed by this court), the sale was reported and ratified after exceptions had been filed by appellant and Cook and overruled, no appeal was taken from the ratification of the sale, and the property was paid for and conveyed to Cook, as substituted purchaser.

The only alleged ground for the appeal from the order of August 29, 1947 is that that order does not conform to the decision of this court as to the provision in the order of January 6, 1947 for increased rent. In dismissing an appeal by appellant and Cook from a provisional order of April 11, 1947 relating to the rent, we have recently held that our decision as to rent stripped the order of April 11, 1947 of all force and effect. *Cook v. Boehl,* 189 Md. 532, 56 A. 2d 787. Necessarily it had this effect on the reversed provision as to rent in the order of January 6, 1947. The order of August 29, 1947, therefore, presents no question as to rent and no other question reviewable on this appeal.

If appellant ever had any standing to object to the orders of September 18, 1947 and September 23, 1947 or either of them, it manifestly has none since the consummation of the sale. None of the three appeals, therefore, present any question for decision by us.

For the reasons above stated, this court on January 23, 1948, by a *per curiam* order, dismissed these three appeals.