WILLIAM LEHRER, PROSECUTOR, v. BOARD OF ADJUSTMENT OF THE CITY OF NEWARK, NEW JERSEY, RESPONDENT.

Submitted January 20, 1948—Decided April 9, 1948.

Before Justices BODINE, HEHER and WACHENFELD.

For the prosecutor, *Morrison, Lloyd & Griggs* (*George A. Brown*, of counsel).

For the respondent, *Thomas L. Parsonnet* (*Joseph A. Ward*, of counsel).

The opinion of the court was delivered by

WACHENFELD, J. A writ of *certiorari* was allowed by this court to review the action of the Board of Adjustment of the City of Newark denying an application of the prosecutor to erect and operate a gasoline service station on the northeast corner of Raymond Boulevard and Chapel Street known as

459/467 Raymond Boulevard, having a frontage of 136 feet on Raymond Boulevard and 115 feet on Chapel Street.

Raymond Boulevard admittedly is an important traffic artery starting at the Passaic River and ending at the intersection of Warren and Wickliffe Streets, running east and west for a distance of more than three miles. It carries practically all of the traffic leaving the Pulaski Skyway from New York to Newark and the suburbs. Chapel Street is three blocks long, starting at Ferry Street, crossing Raymond Boulevard and Albert Avenue and ending at Lister Avenue.

The property is in the "first industrial zone," but the land immediately across the street to the west and northwest is zoned as "second industrial," in which zone gas stations are permitted. The neighborhood of the instant lot includes manufacturing plants, including the very large buildings of the Breyer Ice Cream Company, a baking company, distributing and express companies, elevated railroad tracks, eating establishments, warehouses, stores, houses and vacant lots. Directly west on the other side of the street there is a gasoline service station and approximately 200 feet northwest is a low-rent housing project. Both the gasoline station and the housing project are in the second industrial zone, where gas stations are permitted.

An ordinance of the city empowers the Board of Adjustment to recommend to the governing body whether a permit for a gasoline station should be issued "if, in its judgment, it will not be detrimental to the health, safety and general welfare of the community, and is reasonably necessary for the convenience of the community * * *." Thus the ordinance calls for the "advisory opinion of the board of adjustment, based upon its experienced judgment, as a prerequisite to action by the governing body." *Schnell* v. *Township Committee of Ocean,* 120 *N. J. L.* 194, 197.

There is no question of the validity of the ordinance. *Schnell* v. *Township Committee of Ocean, supra.* The board is guided by and must conform with the standard whether in its judgment the gasoline service station would be detrimental to the health, safety and general welfare and is reasonably necessary for the convenience of the community. *First*

*Church, &c.,* v. *Board of Adjustment, &c., Newark,* 128 *N. J. L.* 376.

The testimony before the Board of Adjustment amply supported the conclusion that the property in question was unsuitable for residential purposes, could not be used to support a retail business, and its highest and best use was that of a gasoline service station. A qualified real estate expert testified.

"Question: Mr. Gill, does this property lend itself to a gasoline service station?

"Answer: I think it is its highest and best use, and I don't see how it would adversely affect any of the other properties in the vicinity."

An inspector for the Fire Insurance Rating Bureau of New Jersey testified it would in no way change the fire rating of the property adjacent thereto, and a traffic investigator for the Department of Motor Vehicles could see no harmful effect resulting from the operation of the station. The attorney for the housing authority stated he had no objection to the application since it was far enough away from the property not to jeopardize it in any way. As a matter of fact, there was only one objection to the proposed use and that was from the owner of an established station directly across the street, who objected to it for competitive business reasons only.

We are satisfied from the general character of the neighborhood and the surrounding circumstances and the proof of this application that the refusal of the Board of Adjustment to grant the application bears no reasonable relation to the public health, safety and general welfare, and its decision is therefore arbitrary, unreasonable and capricious.

The record discloses no cogent reason why the application was denied. True, the decision of the Board of Adjustment is presumably correct, but its decision will not stand where, as here, it is clearly against the weight of the evidence.

The refusal by the board of this application is set aside and reversed, with costs.

Mr. Justice Heher dissents.