ERTTER ET AL. *v.* NORTH WASHINGTON CEMETERY, INC.

[No. 194, October Term, 1951.]

252

*Decided May 14, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

Submitted on brief by *James R. Miller* and *Lee C. Miller*, for appellants.

*J. Hodge Smith,* with whom were *Walter W. Dawson* and *Kelley & Smith,* on the brief, for appellee.

MARKELL, J., delivered the opinion of the Court.

Appellee applied to the County Council (successor to the County Commissioners) of Montgomery County for a permit, under Chapter 702 of the Acts of 1927 (*Gordon v. Montgomery County,* 164 Md. 210, 164 A. 676), to establish and operate a cemetery at a specified location, later amended. The Council, after public hearings, approved the application for a permit and amended the zoning ordinance, as then in force, so as to permit establishment of a cemetery at the amended location. Before approval of the permit, appellants and 1500 other residents of the County petitioned the Council not to grant the permit without a hearing. After the action of the Council appellants petitioned the circuit court for an appeal under section 91 of Article 5 of the Code. They alleged that the location of the cemetery will endanger the health, welfare and safety of the public in the vicinity, and will violate the zoning ordinance. On motion of appellee, the court dismissed the appeal for want of jurisdiction. Appellants now appeal here from the dismissal below. Of course, the jurisdictional question is the only possible basis for appeal to this court.

In *Bogley v. Barber,* 194 Md. 632, 639, 640, 72 A. 2d 17, 20, we held that the zoning act of 1939 "contains no express provision for judicial review of zoning action and does not embody by reference the provisions for appeals in Article 66B, sec. 22", and that "in the absence of statutory provision for appeal or other adequate judicial review of administrative (or legislative) action the proper remedy is by bill in equity to enjoin enforcement of the action alleged to be unconstitutional or (in case of administrative action) arbitrary or other-

wise illegal." In that case section 91 of Article 5 was not mentioned.

In *Miles v. Stevenson,* 80 Md. 358, 30 A. 646, and in *Giessman v. Garrett County,* 185 Md. 350, 363-364, 44 A. 2d 862, it was pointed out that the provisions of section 91 of Article 5 originated with section 13, chapter 220, of an act of 1853 which empowered county commissioners to open and close public roads. In the Code of 1860 section 13 was codified as section 48 of Article 5, Appeals. The rest of the act, sections 1-12, was codified as sections 10, 12-28 of Article 28, County Commissioners; it is still so codified. Code of 1939, Art. 25, secs. 13, 143-159. Why section 13 was codified in Article 5 does not appear. In 1900 this section (Code of 1888, Art. 5, Sec. 81) was narrowed by amendment. *Giessman v. Garrett County, supra,* 185 Md. 363, 44 A. 2d 862. The amendment gives no affirmative indication that, either before or after the amendment, the section was intended to apply to matters other than road cases. An act of 1834, ch. 253, Sec. 121, relating to opening private roads, held unconstitutional in *Arnsperger v. Crawford,* 101 Md. 247, 61 A. 413, 70 L. R. A. 497, contained similar provision for appeal from the county commissioners to the circuit court. *Giessman v. Garrett County, supra,* 185 Md. 363, 44 A. 2d 862. In the Codes of 1860 and 1888 this act, including the provision for appeal, was codified under County Commissioners. Code of 1888, Art. 25, sec. 117. An act of 1856, ch. 308, sec. 9, relating to bridges, and an act of 1858, ch. 271, sec. 19, relating to draining lands, contained similar provisions for appeal which were, and are, similarly codified. Code of 1939, Art. 25, secs. 35-37, 76; 1947 Supp., Sec. 54, Act of 1941, ch. 261, sec. 54.

In *Miles v. Stevenson, supra,* and in *Giessman v. Garrett County, supra,* this court said that it intimated no opinion as to what orders or decisions of the county commissioners, if any, in matters other than road cases are appealable under section 91. We might now repeat this statement. We think, however, that without undue

haste we may now hold, 99 years after passage of the act of 1853 and 57 years after the decision in *Miles v. Stevenson,* that section 91 is applicable only to decisions in road cases.

*Appeal dismissed, with costs.*