## KREATCHMAN *v.* RAMSBURG ET AL.

[No. 79, September Term, 1960.]

*Decided January 20, 1961.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*C. Orman Manahan* for the appellant.

*T. Hunt Mayfield* and *Bernard F. Goldberg* for the appellees.

BRUNE, C. J., delivered the opinion of the Court.

This is another in the lengthening series of shopping center zoning cases to come before this Court. It is the converse of such shopping center cases as *Zinn v. Board of Zoning Appeals of Baltimore County,* 207 Md. 355, 114 A. 2d 614; *Schiff v. Board of Zoning Appeals of Baltimore County,* 207 Md. 365, 114 A. 2d 644; *Trustees of McDonogh Ed. Fund & Inst. v. Baltimore County,* 221 Md. 550, 158 A. 2d 637; *Pressman v. City of Baltimore,* 222 Md. 330, 160 A. 2d 379; and *West Ridge, Inc. v. McNamara,* 222 Md. 448, 160 A. 2d 907, in that in those cases a rezoning permitting shopping center use was granted, but here such a reclassification was denied by the zoning authorities.

The appellees, the Ramsburgs, filed a petition with the Board of County Commissioners of Howard County (the Board) for the rezoning of a tract of land, part of which was zoned "B-2" (Heavy Commercial) and part of which was zoned "R" (Residential), as an "S-C" (Shopping Center) district. The petition was referred to the Planning Commission of Howard County for its report and recommendation. That Commission received an adverse report from its staff, with which the Commission agreed in substance, and the Commission submitted an adverse report and recommendation to the Board. The Board held a lengthy hearing, at the end of which it denied the petition. The Ramsburgs then filed this suit in equity to restrain the Board from interfering with their (the Ramsburgs') use of the property in question for purposes in a S-C category and for a declaratory decree to the effect that the 1954 Howard County Zoning Regulations as applied to this property are unconstitutional and void. The appellant, Mr. Kreatchman, the lessee of a projected package liquor store in a proposed shopping center less than a mile and a half from the Ramsburg property, was permitted to intervene as a defendant. The owner of the site of the other proposed shopping center did not intervene. Both had opposed the Ramsburgs' petition before the Board. The case was submitted on a number of exhibits, the transcript of the hearing before the Board and copies of the Howard County Zoning Regulations.

The Circuit Court entered a decree restraining the Board from interfering with the complainants-appellees' use of the property for S-C purposes. Mr. Kreatchman alone appeals from that decree. No action appears to have been taken by the trial court upon the complainants' prayer for a declaratory decree. The sufficiency of Mr. Kreatchman's interest in the controversy will be considered after a further statement of the facts.

The Ramsburgs have owned for some years a tract of about 175 or 180 acres of land located on the north side of the Old National Pike, now known as U.S. Route 40, west of St. John's Lane and about a half mile or less west of the intersection of U.S. Routes 40 and 29, and have recently acquired an adjoining tract of 24 acres. For a depth of 300 feet their total frontage of some 1980 feet on Route 40 is zoned B-2, and has been so zoned since 1954, when new zoning regulations were adopted for the county. The remainder of the tract is zoned R. Prior to September 11, 1956, a shopping center was one of the enumerated permitted uses in a B-2 zone. Such a use was not then and is not now permissible in an R zone. On September 11, 1956, the Board amended the Zoning Regulations of Howard County by adopting a new section, now designated as Sec. 9.53, which established a new classification—S-C—for shopping centers and by eliminating shopping centers, as such, from the list of permitted B-2 uses (then Sec. 7A, 15). At the same time it also adopted two new Sections (now 9.51 and 9.52) setting up new classifications, T-1 and T-2, for Trailer Parks, one of which was involved in *Costello v. Sieling*, 223 Md. 24, 161 A. 2d 824.

This case presents or suggests many questions, most of which we find it unnecessary to decide. Among these are questions (i) as to the relation between planning and zoning, (cf. *Zinn v. Board of Zoning Appeals, supra; Schiff v. Board of Zoning Appeals, supra*); (ii) as to the proper procedure to be followed with regard to the time and manner of submitting a complete development plan of a proposed shopping center to the Planning Commission of Howard County (a question which could easily be eliminated by a clarifying amendment to the Zoning Regulations); (iii) as to whether

the new Howard County S-C classification is or is not in the nature of a special exception (cf. *Huff v. Board of Zoning Appeals of Baltimore County,* 214 Md. 48, 133 A. 2d 83; *Costello v. Sieling, supra; Overton v. Board of County Com'rs of Prince George's County,* 223 Md. 141, 149-150, 162 A. 2d 457), (iv) as to the action (fortunately unique, we believe, among the cases which have come before this Court) of one of the County Commissioners, despite a request that he disqualify himself as a member of the Board sitting and voting in a zoning matter in which he was personally interested (Mr. Norman E. Moxley, the Commissioner involved then being the president of the corporation owning the site of the other proposed shopping center, and that corporation actively opposing the granting of the appellees' petition because of the threat of competition); (v) as to whether or not the Board (which was divided 2-1 on the question, Mr. Moxley being in the majority) acted in an arbitrary or discriminatory manner in denying the appellees' petition; and (vi) whether or not the decree of the Circuit Court was erroneous either because the Board had at least fairly debatable grounds for refusing to grant the appellees' petition or because the decree amounted to rezoning by the court and so constituted an invasion of the field of legislative action. (Cf. *Hedin v. Board of County Com'rs of Prince George's County,* 209 Md. 224, 120 A. 2d 663; *Board of County Com'rs of Prince George's County v. Donohoe,* 220 Md. 362, 371, 152 A. 2d 555.)

In his petition to intervene Mr. Kreatchman in stating his interest in the case said that he was "a resident, citizen and taxpayer of Howard County" and that at the hearing of the Ramsburgs' application for rezoning he had protested the request therefor, as would appear from the stenographic record theretofore filed in this case. Whether or not his stated interests would warrant his intervention if this case were an appeal from a decision of the Board of Zoning Appeals of Howard County under Sec. 236 of Code of Public Laws of that County (Everstine's Ed., 1957) [1] is not the question be-

---

1. As to taxpayers and "aggrieved" persons, cf. Code (1957), Art.

fore us, for this is not such a case. Neither is it an appeal from the County Commissioners to a Circuit Court under Code (1957), Art. 5, Sec. 27. That section is not applicable to zoning cases. *Ertter v. North Washington Cemetery, Inc.,* 200 Md. 251, 88 A. 2d 578. This is an equity suit directed against allegedly illegal and unconstitutional action of the Board in refusing to grant the appellees' petition for rezoning, and the rules of equity as to interest therefore apply.

The first problem with regard to the question of the sufficiency of Mr. Kreatchman's interest is whether or not that question itself is properly before us. The sufficiency of his interest to maintain an appeal is a question which this Court can and must decide and it is one which the trial court would not have had the power to decide. Therefore the limitation stated in Maryland Rule 885 against this Court's deciding any question (other than one of jurisdiction) not tried and decided by the trial court has no application. Other Maryland Rules relating to appeals, we think, do apply. These are other Rules dealing with the dismissal of appeals, among them being Rules 835 a and 835 b. Under these Rules this Court may, on its own motion or on motion by any party, dismiss an appeal on any of seven grounds stated in Rule 835 b, one of which (1) is that an appeal is not allowed by law, and another of which (7) is that the case has become moot. Ordinarily, none of these seven grounds would present a question that had been or even that could have been decided by the trial court. (Mootness might have arisen and been decided in the trial court, in which event a question might arise as to whether dismissal of the appeal or affirmance of the judgment would be appropriate.)

It so happens that in the present case the sufficiency of Mr. Kreatchman's interest to sustain his appeal presents substantially the same question as the sufficiency of his interest to warrant intervention. See Miller, *Equity Procedure,* § 354, p. 429, as to appeal, and § 77, pp. 96-97, as to intervention. The trial court permitted intervention, and no objection ap-

66B, §§ 7(j), 22(i), relating to judicial review of actions of Boards of Zoning Appeals.

pears to have been made thereto, but the trial court's ultimate holding against the Board was based upon a ground which was equally destructive of Mr. Kreatchman's right to intervene. This holding, although the trial court stated that it had "no doubt that the action of the majority of the Board was done in good faith," was that the action of the Board was arbitrary and discriminatory, since it constituted the use of zoning to grant a preferential benefit to the nearby Normandy Shopping Center; and that the prevention of competition was not a valid basis for denying the appellees' petition for rezoning. The trial court did not, however (probably because no such action was requested or thought necessary), rescind its order allowing intervention. We need not determine whether the trial court's decision as to this underlying ground would have been sufficient to satisfy the usual requirements of Rule 885, since we hold that Rule 885 is not applicable here.

That the sufficiency of the appellant's interest to maintain this appeal may be determined by this Court when first raised here is supported, we think, by authorities which include a number of prior decisions of this Court. Miller, *op. cit.*, § 354, states: "It must appear from the record that the appellant has such an interest in the subject matter of the suit as entitles him to appeal; otherwise the appeal will be dismissed." See also 2 M. L. E., *Appeals,* §§ 82 and 87, and the cases therein cited.

Mr. Miller cites a number of cases in support of the proposition above quoted from his work. Among them is *McDonald v. Workingmen's Bldg. Ass'n,* 60 Md. 589, in which, as he notes, an appeal was apparently dismissed by the court *sua sponte.* The fact that intervention has been allowed in the trial court is not controlling as to the right of appeal. *Brashears v. Lindenbaum,* 189 Md. 619, 628, 56 A. 2d 844; *Lickle v. Boone,* 187 Md. 579, 51 A. 2d 162; *Preston v. Poe,* 116 Md. 1, 6, 81 A. 178 (special appearance). (Conversely, one who has a sufficient interest may appeal, even though he is not a party of record. *Hall v. Jack,* 32 Md. 253.) In the *Lickle* case the appellant had filed a petition for leave to intervene and the complainant had filed an answer consenting thereto, upon which the trial court entered an order making Lickle

a party defendant for certain purposes. The decree of the trial court was in favor of the complainant and Lickle appealed. This Court dismissed the appeal. Obviously, the sufficiency of Lickle's interest had not even been contested below.

In *Curley v. Wolf,* 173 Md. 393, 196 A. 285, the appeal of an original party, which lacked any interest in the outcome of the controversy (which was really between other parties), was dismissed. In *Wagner v. Freeny,* 123 Md. 24, 90 A. 774, the lack of interest of the appellant seems to have been raised for the first time in this Court, but the appeal was dismissed on that ground. This also appears to have been the situation in *Rau v. Robertson,* 58 Md. 506; *McDonald v. Workingmen's Bldg. Ass'n, supra; Webb v. Baltimore Commercial Bank,* 181 Md. 572, 577, 31 A. 2d 174; and *Paradise Amusement Co. v. Boehl,* 190 Md. 59, 57 A. 2d 301. See also *In re Buckler Trusts,* 144 Md. 424, 125 A. 177, and *Weinberg v. Fanning,* 208 Md. 567, 119 A. 2d 383 (in which the appellants had been denied leave to intervene below). Cf. *Southland Hills Improvement Ass'n v. Raine* (and a companion case reported therewith), 220 Md. 213, 151 A. 2d 734, where objection was first made in this Court to the interest of the appellant, though the same objection could have been made to its standing in the trial court. The appeals were dismissed on jurisdictional grounds. Cf. also *Sullivan v. Northwest Garage, Inc.,* 223 Md. 544, 165 A. 2d 881, which followed *Southland Hills* as to one appellant.

It is firmly established, we think, that in order to maintain an appeal, the appellant must have an interest in the subject matter of the appeal. If he does not, we think that Rule 835 b(1) is applicable—that the appeal is not authorized by law and that this constitutes a ground for dismissal of the appeal; and, as we have said, the question of the sufficiency of interest is one to be determined by this Court and could not be tried and decided by the lower court. We conclude that this question is properly before us.

The insufficiency of Mr. Kreatchman's interest as a taxpayer or as a resident to sustain his intervention in this equity suit, where his objective is to prevent what he claims amounts

to a violation of the zoning regulations, seems to call for no extensive discussion. See *Bauernschmidt v. Standard Oil Co. of New Jersey,* 153 Md. 647, 139 A. 531, and cases there cited. There is no evidence of any threatened depreciation in the value of Kreatchman's property which he owns and occupies as a home, located a mile and a quarter or more from the proposed Ramsburg shopping center. He thus fails to show any special damages which would entitle him to invoke the aid of equity (*Loughborough Development Corp. v. Rivermass Corp.,* 213 Md. 239, 131 A. 2d 461), unless threatened competition with his proposed business is sufficient to show such special damages.

The trial court found that the action of the Board was arbitrary and discriminatory because based on the prevention of competition by one proposed shopping center and the grant of a preferential position to another.

Mr. Kreatchman's only expressed opposition to the Ramsburg application was fear of competition from the new proposed shopping center, and his right to maintain this appeal must stand or fall on the sufficiency of that interest.

The appellees challenged the sufficiency of Mr. Kreatchman's interest when they filed a petition in this Court for leave to file a motion to dismiss the appeal in advance of the transmission of the record because of the lack of any sufficient interest of Kreatchman to maintain the appeal. That motion was denied without opinion. Now having the entire record before us, and also having the question properly before us, and after oral argument of the case, we are of the opinion that the appellant's interest is insufficient and that the appeal should therefore be dismissed.

If the Board had granted the application of the Ramsburgs, we think it clear that Kreatchman could not have maintained a suit in equity to enjoin the carrying out of the rezoning. See *Loughborough Development Corporation v. Rivermass Corp., supra,* 213 Md. at 242, 131 A. 2d 461, *Pressman v. City of Baltimore,* 222 Md. 330, 334, 160 A. 2d 379, and cases therein cited, and *Bauernschmidt v. Standard Oil Co., supra.* In this case, the appellees' use of their property for S-C purposes was not granted by the Board of County Commissioners,

but the Board is enjoined from interfering with such use because of the Circuit Court's finding and holding that the Board's action in refusing the rezoning was legally arbitrary and discriminatory. In practical effect Kreatchman's interest in the suit on this appeal is the same as if he were appealing from a decree refusing to set aside an S-C classification of the Ramsburg property.

Viewing the matter in this light, we return to the *Loughborough* case. There the appellant corporation brought a bill in equity attacking the validity of the rezoning of certain property as commercial so as to permit its use as a shopping center with parking facilities. The appellant owned other property half a mile away from which the rezoned area was effectively hidden, but it contended that increased traffic would depreciate the value of its lots. The possible increase in traffic was found to be highly conjectural, and the appellants' interest was held insufficient to maintain the suit. It appeared in that case that the president of the appellant corporation and his wife owned other property in the neighborhood which they wished to develop as a shopping center. Judge Henderson, writing for the Court, observed: "The appellee suggests that this was one of the main reasons for the institution of the suit. In any event, it does not appear that any other property owners have joined in the suit." (213 Md., at 241.)

Competition was certainly not an actual issue in the *Loughborough* case, and the decision did not turn on it. The passage quoted, however, hints at the rule recognized by a number of authorities in other jurisdictions that the prevention of competition is not a proper element of zoning. *Farr v. Zoning Board of Appeals,* 139 Conn. 577, 95 A. 2d 792; *Benson v. Zoning Board of Appeals,* 129 Conn. 280, 284, 27 A. 2d 389, 391; *179 Duncan Ave. Corp. v. Board of Adjustment of Jersey City,* 122 N. J. L. 292, 293, 5 A. 2d 68; *Lehrer v. Board of Adjustment of City of Newark,* 137 N. J. L. 100, 58 A. 2d 265; *Town of Clinton v. Standard Oil Co.,* 193 N. C. 432, 137 S. E. 183; *Board of County Supervisors of Fairfax County v. Davis,* 200 Va. 316, 106 S. E. 2d 152; *Circle Lounge & Grille, Inc. v. Board of Appeal of Boston,* 324 Mass. 427, 86 N. E. 2d 920; Metzenbaum, *Zoning* (2d Ed.),

Ch. X-m-(10). In appeals from zoning boards, a competitor is usually not regarded as an "aggrieved party." See the *Circle Lounge* case, *supra; Kamerman v. Le Roy,* 133 Conn. 232, 237, 50 A. 2d 175; *Bazinsky v. Kesbec,* 259 App. Div. 467, 19 N. Y. S. 2d 716, aff'd 286 N. Y. 655, 36 N. E. 2d 694; *Boyle Appeal,* 179 Pa. Super. Ct. 318, sub nom., *In re Lieb's Appeal,* 116 A. 2d. 860.

The *Circle Lounge* case dealt with a situation very similar to that here presented. In that case the Supreme Judicial Court of Massachusetts, in an opinion by Chief Justice Qua, said (424 Mass. at 429-430): "Statute 1924, c. 488, § 19, as appearing in St. 1941, c. 373, § 18, allows a proceeding like the present one to be brought by 'Any person aggrieved by a decision of the board of appeal * * *.' It is reasonable to suppose that the plaintiff's business would suffer to some extent at least by the establishment of a 'Howard Johnson' restaurant at the edge of Cleveland Circle. But injury from business competition has generally been considered damnum absque injuria. *Walker v. Cronin,* 107 Mass. 555, 564. *Martell v. White,* 185 Mass. 255, 260. *Pickett v. Walsh,* 192 Mass. 572, 585-586. It was no part of the purpose of the zoning regulations to protect business from competition. In fact they would often operate to increase competition by limiting the areas within which certain business can be carried on. We cannot believe that a person is aggrieved within the meaning of the statute here in question merely because a variance, even if improvidently granted, will increase competition in business. *Benson v. Zoning Board of Appeals of Hartford,* 129 Conn. 280, 284. *179 Duncan Avenue Corp. v. Board of Adjustment of Jersey City,* 122 N. J. L. 292. *Bazinsky v. Kesbec, Inc.,* 259 App. Div. (N. Y.) 467."

In that case the plaintiff was held not to be a person aggrieved within the meaning of the statute, the court reversed the decree and ordered that a decree be entered dismissing the plantiff's bill.

The Massachusetts court further said (424 Mass. at 430-431): "But even if some harm might be done to the plaintiff in the ways suggested, there is a more fundamental and more comprehensive reason why we think the plaintiff is not a per-

son aggrieved within the meaning of the statute. * * * An owner has no strictly private right in the enforcement of zoning regulations, unless some statute creates such a right."

It further said (pp. 431-432): "The primary purpose of zoning with reference to land use is the preservation in the public interest of certain neighborhoods against uses which are believed to be deleterious to such neighborhoods. *Kane v. Board of Appeals of Medford,* 273 Mass. 97, 104. The residence zone in which the Fish land is located was established to protect that zone against business and manufacturing uses. It was not established to protect the plaintiff's restaurant, which is located in a business zone. The residence zone was designed to protect residence against business. It was not designed to protect business against business. Therefore it would be an anomaly to confer upon the plaintiff peculiar legal rights against a business of a kind permitted in the zone where its property is. There is no doubt that if Fish should propose to build a restaurant immediately adjoining the plaintiff's restaurant on the same side of the circle, the plaintiff would be without remedy. It would be strange if we were to hold that the plaintiff's rights are violated and that it is a person aggrieved when the same thing is done four hundred thirty feet away on the other side of the circle. In our opinion, in so far as zoning is based upon the uses of lands, and where there is nothing to indicate a contrary statutory intent, the true rule is that a proprietor in a less restricted zone is not a 'person aggrieved' within the meaning of the statute by the introduction into a more restricted zone of any use permitted in the zone in which the proprietor's property is located."

In *Board of Co. Supervisors of Fairfax County v. Davis, supra,* the Supreme Court of Appeals of Virginia, speaking through Chief Justice Eggleston, said (200 Va. 322-323): "It is not a proper function of a zoning ordinance to restrict competition or to protect an enterprise which may have been encouraged by a prior zoning classification. See 58 Am. Jur., Zoning, § 211, p. 1055; *Benson v. Zoning Board of Appeals,* 129 Conn. 280, 27 A. 2d 389, 391, and cases there cited; *In re Appeal of Lieb,* 179 Pa. Sup. Ct. 318, 116 A. 2d 860, 865."

As to the point at which competition might be considered the Virginia court quoted a witness who said: "The only point at which it is proper in zoning \* \* \* to consider the economic effects is the point at which the economic effects reach into the general welfare." (200 Va. 323.)

That case, like this, involved rival shopping center sites in the same vicinity.

To recapitulate, it appears that Mr. Kreatchman owns a home and resides at Normandy Heights, a development adjacent to the site of the proposed shopping center owned by Normandy Development Company, the other party which opposed the appellees' petition before the Board. There is nothing in the record to show any injury to, or depreciation in the value of, Mr. Kreatchman's residence. His only concern is with the threat of competition from a possible package liquor store in the Ramsburgs' shopping center. It is to protect himself against that possible competition that he seeks the protection of the zoning regulations. In view of the authorities above cited, especially the *Circle Lounge* case, we think that he is not entitled to do so. Apart from the zoning laws, he would have no ground upon which to enjoin the Ramsburgs' use of their land for shopping center purposes; and the zoning laws give him no standing to do so, where the sole basis for invoking them is the prevention of competition.

The Board, for reasons not disclosed, did not elect to appeal. Whether or not there were sufficient grounds to sustain its action (or inaction)—a question which we do not decide—we think that Mr. Kreatchman did not have such an interest in this suit as would entitle him to maintain this appeal and it will accordingly be dismissed.

*Appeal dismissed; the appellant to pay the costs.*